IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

ROBERT JOSEPH KING, #011302          :

    Petitioner                                             :

        v.                                                    :          Civil Action No. DKC-06-519

DR. DENNIS BARTON, et al.                  :

    Respondents                                        :
                                      o0o

MEMORANDUM

Before the court is a pro se 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus filed by Robert Joseph King challenging his confinement at the Clifton T. Perkins Hospital Center. No hearing is necessary. See Local Rule 105.6. Respondents have filed a Response to which King has submitted a Reply. After careful review of the pleadings, exhibits and applicable law, the court will dismiss the Petition without prejudice.

**I. Claims Presented**

In this petition for federal habeas relief, King alleges his former Assigned Public Defender Michael Ramsey and Alice D. Ike, Assistant Attorney General[1] "conspired to illegally detain [him] by denying [him] of his statutory and constitutional right to release by trial by jury" when they jointly requested dismissal of his June 2004 Petition for Judicial Release without his knowledge or consent.[2] Petition at 19-20.

**II. Factual Background**

---

    [1]     Counsel for Respondents note that Ms. Ike filed a response to the 2004 Petition for Judicial Release. Assistant Attorney General David Moore signed the Joint Motion to Dismiss. State Response at 5 n. 2 & Ex. 4.

    [2]     Respondents have submitted the affidavit of Michael O. Ramsey, Esq. in which he attests he discussed the issue with King who gave his consent. State Ex. 13.

King was admitted to the Clifton T. Perkins Hospital Center[3] ("Perkins") on December 10, 1998, as an involuntary patient on pre-trial status. Earlier, on August 12, 1998, King had been charged with aggravated battery with a deadly weapon and malicious destruction of property. On May 14, 1999, King was adjudged not criminally responsible ("NCR") in the Circuit Court for Prince George's County and was committed to the Department of Health and Mental Hygiene ("DHMH").

**A.      Petitions for Judicial Release**

Section 3-115(a) of the Criminal Procedure Article of the Maryland Annotated Code provides that a hearing must be held within fifty days after commitment to DHMH as NCR to determine whether a committed person is eligible for release. King's hearing was conducted on July 1, 1999, before an administrative law judge who denied the request for conditional release. On July 20, 1999, an Order of Continued Commitment was entered in the Circuit Court for Prince George's County.

Section 3-119 of the Criminal Procedure Article of the Maryland Annotated Code allows committed persons to file an application for release not earlier than one year after the initial release hearing and not more than once a year thereafter.[4] On July 7, 2000, King filed a Petition for Judicial

---

[3]     The Clifton T. Perkins Hospital Center is a maximum security psychiatric facility operated by the State of Maryland, Department of Health and Mental Hygiene.

[4]     Section 3-119 provides in relevant part:
 (a)(1) Not earlier than 1 year after the initial release hearing ends or was waived, and not more than once a year thereafter, a committed person may apply for release under either subsection (b) or (c) of this section, but not both.

(2) Notwithstanding the time restrictions in paragraph (1) of this subsection, a committed person may file an application for release at any time if the application

2

Release and Request for Jury Trial in the Circuit Court for Prince George's County. On September 18, 2001, the jury denied his request for judicial release. In late 2002, King filed another Petition for Judicial Release and Request for Jury Trial in the Circuit Court for Prince George's County. The jury trial was held on May 22, 2003, and the request for release was denied.

In June 2004, proceeding pro se, King filed a third Petition for Judicial Release and Request for Jury Trial. A hearing on the 2004 Petition was scheduled for September 30, 2004. The hearing was rescheduled for March 9, 2005.[5] On March 3, 2005, Michael O. Ramsey, the Assigned Public Defender for Petitioner and David Moore, Assistant Attorney General for the DHMH, filed a Joint Motion to Dismiss Petition for Judicial Release. The motion stated that King "does not desires [sic] to have this matter tried by jury at this time and desires the Petition for Judicial Release be

---

    is accompanied by an affidavit of a physician or licensed psychologist that states an improvement in the mental condition of the committed person since the last hearing.
    (b)(1) To apply for release under this subsection, the committed person shall file an application for release with the Health Department and notify the court and State's Attorney, in writing, of this request.
    (2) The provisions of this title governing administrative hearing and judicial determination of eligibility for release apply to any application for release under this subsection.
    (c)(1) To apply for release under this subsection, the committed person shall file a petition for release with the court that ordered commitment.
    (2) The committed person shall send a copy of the petition for release to the Health Department and the State's Attorney.
    (3) If the committed person requests a trial by jury, the trial shall be held in a circuit court with a jury as in a civil action at law.
* * * * *
    (d)(1) An appeal from a District Court order shall be on the record in the circuit court.
    (2) An appeal from a circuit court order shall be by application for leave to appeal to the Court of Special Appeals.

[5] Neither party indicates the reason for rescheduling the matter.

dismissed." Respondents' Exhibit 4.  On March 8, 2005, the Circuit Court for Prince George's County granted the motion.

**B.  State Habeas Petition**

On August 26, 2005, King filed for Writ of Habeas Corpus in the Circuit Court for Prince George's County, alleging that his June 2004 Petition for Judicial Release was dismissed without his knowledge or consent.  As relief, King requested his immediate release from Perkins. State Ex. 6.

On September 12, 2005, the Circuit Court for Prince George's County denied the writ, stating that "the appropriate remedy is for the petitioner to seek release in the statutorily prescribed manner."  State Ex. 7.  On September 25, 2005, King filed a Petition for Writ Habeas Corpus in the Court of Special Appeals of Maryland.  The Court of Special Appeals determined that the Petition should be treated as a Notice of Appeal from the Circuit Court's denial of King's petition. Respondents Exhibit 9.

On October 26, 2005, King filed a Motion for Reconsideration in the Court of Special Appeals in which he requested that his Petition for Writ of Habeas Corpus be treated "'as an original proceeding in this Court' filed under §3-701." Id.  The Court of Special Appeals denied the Motion for Reconsideration and determined that King was not entitled to release from the Perkins pending the disposition of the appeal. See id.  Subsequently, King filed for Writ of Certiorari in the Court of Appeals of Maryland.  The Court of Appeals denied certiorari review on February 10, 2006.

On January 23, 2006, the Court of Special Appeals granted King's request for an extension, setting a March 1, 2006, deadline for King to file his brief and record extract.  The case was scheduled for oral argument in June of 2006.  It appears that King filed his brief and record extract

on or about February 17, 2006. State Resp. at 4, ¶ 15. On May 11, 2006, the Court of Special Appeals notified King that his submission did not comport with the Maryland Rules and ordered him to file six additional copies of his brief and record extract or forward a money order in the amount of $183.00 to cover the cost of making copies. State Ex. 12. Oral argument was rescheduled for September 2006.[6] See id.

## III. Analysis

A fundamental common law requirement of § 2241 is that a petitioner must first exhaust available state court remedies. "The exhaustion doctrine is a judicially crafted instrument which reflects a careful balance between important interests of federalism and the need to preserve the writ of habeas corpus as a swift and imperative remedy in all cases of illegal restraint or confinement." Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 490 (1973) (internal marks and citation omitted). The Supreme Court later explained that "[t]his exhaustion requirement is also grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." Coleman v. Thompson, 501 U.S. 722, 731 (1991).

In this matter, King has yet to exhaust the remedies available to him in state court. First, he may proceed under section 3-119 of the Criminal Procedure Article, which entitles him to an annual release hearing, either by administrative hearing or jury trial. It does not appear that King has applied for judicial release since June 2004, although this remedy was available to him in 2005 after his June 2004 Petition was dismissed, or at any time in 2006. Notably, King does not contend these

---

[6] Respondents have informed court personnel that the hearing remains scheduled for September of 2006.

avenues are unavailable or would prove futile. The consent agreement in dispute here did not prevent King from re-filing for judicial release.[7] Absent exhaustion of available state remedies, the petition is not ripe for disposition. See Thomas v. Saint Elizabeth Hospital, 720 F. Supp. 14 (D.D.C. 1989) (holding person in state custody housed in a maximum security ward was not entitled to federal habeas corpus relief for failure to exhaust state remedies), aff'd without opinion, No. 89-7224 (C.A. D.C. 1990).[8]

Additionally, King's appeal remains pending before the Court of Special Appeals. Under the doctrine of procedural default, a habeas petitioner must exhaust each claim presented in federal court by first pursuing available state remedies. See Coleman at 501 U.S. 731-32; Breard v. Pruett, 134 F. 3d 615, 619 (4th Cir. 1998). The state appellate courts have yet to consider the merits of King's habeas petition. For these reasons, the Court will dismiss this case without prejudice to permit King to exhaust his available state court remedies. A separate Order consistent with this Memorandum follows.

____6/28/06____                                        _____/s/_____
Date                                                                 DEBORAH K. CHASANOW
                                                                        United States District Judge

---

[7] In his affidavit, Michael Ramsey has attested that all consent agreements with the State of Maryland Attorney General's Office were made without prejudice to re-file at any time. State Ex. 13.

[8] Although King does not expressly raise a due process claim, the record shows that he has been able to pursue his claims before available state administrative and judicial forums. There is no suggestion that King has been denied due process.